UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAN WASHINGTON, JR.,

       Plaintiff,                         Case No. 3:15-cv-367

vs.

COMMISSIONER OF                    District Judge Walter H. Rice
SOCIAL SECURITY,                 Magistrate Judge Michael J. Newman

       Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

      This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 7),[2] and the record as a whole.

## I.

### A.    Procedural History

      Plaintiff filed for SSI on June 26, 2009. PageID 74. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, cervical degenerative disc disease, bipolar disorder, depression, and anxiety. PageID 77.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of his applications, Plaintiff received a hearing before ALJ Beverly Susler Parkhurst in September 2011.  PageID 74.  ALJ Parkhurst issued a written decision on November 22, 2011 finding Plaintiff not disabled.  *Id.*  Thereafter, in an Order dated May 20, 2013, the Appeals Council vacated ALJ Parkhurst's decision and remanded Plaintiff's case.  *Id.*

Plaintiff received a second hearing before ALJ Amelia G. Lombardo on January 28, 2014.  PageID 97-115.  ALJ Lombardo issued a written decision on March 4, 2014 finding Plaintiff not disabled.  PageID 74-89.  Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since June 26, 2009, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease; bipolar disorder; depression; and anxiety (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform medium[3] work as defined in 20 CFR 416.967(c) with the following limitations: occasional overhead reaching bilaterally; simple, repetitive tasks that are low stress (defined as no assembly line production quotas and not fast paced); occasional contact with the general public, coworkers, and supervisors; and no exposure to heights or hazardous machinery.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1953 and was 55 years old, which is defined as an individual of advanced age, on the date the application was filed (20 CFR 416.963).

---

[3] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  *Id.* § 416.967(c).  An individual who can perform medium work is presumed also able to perform light and sedentary work.  *Id.*

7.      The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.      Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.      Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.     The claimant has not been under a disability, as defined in the Social Security Act, since June 26, 2009, the date the application was filed (20 CFR 416.920(g)).

PageID 43-54.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner.  PageID 60-62. Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

**B.      Evidence of Record**

The ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 80-88.  Plaintiff, in his Statement of Errors, provided a summary of the record evidence. Doc. 8 at PageID 765-72.  The Commissioner defers to the ALJ's recitation of the evidence. Doc. 9 at PageID 785.  Accordingly, except as otherwise noted, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's summary of the evidentiary record.  Where applicable, the Court will identify the medical evidence relevant to this Report and Recommendation.

## II.

### A.  Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in (1) weighing the opinion of Enrique Martinez, M.D., who he argues is a treating physician; (2) weighing the opinion of consulting examiner Mary Ann Jones, Ph.D.; and (3) finding Plaintiff not entirely credible. Doc. 8 at PageID 773-82. The undersigned finds that the ALJ erred in weighing the opinion of Dr. Martinez, and therefore, does not reach Plaintiff's remaining assignments of error.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio

Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Treaters are entitled to greater deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9. Record reviewers are afforded the least deference. These "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2,

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

1996)).  Unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate *all* medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999) (emphasis added).

Plaintiff first argues that Dr. Martinez is a treating physician and should be evaluated as such.  PageID 86.  A treating physician is one that "has, or has had, an ongoing treatment relationship with [a claimant.]"  20 C.F.R. § 416.920.  The record suggests that Dr. Martinez only examined Plaintiff on one, perhaps two occasions and, therefore, is likely not a "treating source."  *See e.g. Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1000 n.3 (6th Cir. 2011) ("it is questionable whether a physician who examines a patient only three times over a four-month period is a treating source").  Nevertheless, regardless of whether Dr. Martinez is a treating source or not -- he is, at the least, an examining source -- the ALJ committed reversible error in weighing his opinion.

Dr. Martinez completed an assessment form concerning Plaintiff's physical impairments on March 21, 2011.  PageID 621-25.  Based upon a review of MRI tests of Plaintiff's cervical spine, lumbar spine, sacral spine and right shoulder, Dr. Martinez opined that Plaintiff could occasionally carry 5 pounds, stand for only 1 hour during a workday, and sit for 2 hours during a workday.  PageID 621-22.  Additionally, Dr. Martinez concluded that Plaintiff could never climb, balance, stoop, crouch or crawl, and only occasionally kneel.  PageID 623.

The ALJ gave "little weight" to Dr. Martinez's opinion because it was purportedly "unsupported by objective signs and findings in the preponderance of the record."  PageID 86. Specifically, the ALJ found that "the neck and back *x-rays* in the record generally showed only mild to moderate findings."  PageID 86 (emphasis added).  The only x-ray of record noted in the ALJ's opinion is one taken of Plaintiff's cervical spine on August 6, 2006 -- nearly three years

before Plaintiff alleges the onset of his disability.  PageID 306; *see Melius v. Colvin*, No. CV 15-10820, 2016 WL 633953, at *4 (E.D. Mich. Feb. 9, 2016), *report and recommendation adopted sub nom. Melius v. Comm'r of Soc. Sec.*, No. 15-CV-10820, 2016 WL 1104467 (E.D. Mich. Mar. 22, 2016) (noting the limited relevance of records that predate an alleged onset date).  That x-ray shows "[d]egenerative disease of the cervical spine with bony neuroforaminal compromise at C3-C4 on [Plaintiff's] left and narrowing of neural foramina secondary to bony disease at C6-C7 on the right."  PageID 306.

Even assuming the ALJ's interpretation of raw medical data set forth in the 2006 x-ray is accurate, the ALJ fails to analyze whether the subsequent MRIs relied upon by Dr. Martinez support his opinion -- namely, an MRI of Plaintiff's cervical spine taken in October 2009 showing degenerative changes in Plaintiff's cervical spine as well as disc protrusions at C4-5, C5-6, and C6-7 (PageID 761); and an MRI of Plaintiff's lumbar spine taken in November 2010 revealing "multi-level degenerative changes" with "disc protrusion at L5-S1" (PageID 603).  Based upon this inadequate analysis of Dr. Martinez's opinion, the undersigned finds the ALJ's rejection of Dr. Martinez's opinion is unsupported by substantial evidence.

This error is exacerbated by the ALJ affording "significant weight" to the opinions of examining physician Damian Danopulos, M.D. and the opinions of record-reviewing physicians Maria Congbalay, M.D. and Willa Caldwell, M.D.  PageID 85.  None of these physicians had the opportunity to review the 2010 MRI of Plaintiff's lumbar spine; and none of these physicians mentioned the 2009 MRI of Plaintiff's cervical spine or appear to have reviewed such findings in offering their opinions.  PageID 85, 428, 527-28.  Certainly, none of these physicians had the opportunity to review and respond to Dr. Martinez's opinion specifically based on those MRI findings.  *Id.*; *see also* 621-25.  Finally, among Drs. Danopulos, Congbalay and Caldwell, only

8

Dr. Congbalay noted a review of any imaging test in preparing their opinion, and Dr. Congbalay only noted review of the 2006 x-ray of Plaintiff's cervical spine. PageID 521.

Opinions of non-examining sources "can be substantial evidence '[i]n appropriate circumstances' to discount the opinion of examining and treating sources[.]" *Kaylor v. Astrue*, No. 08-415-GWU, 2009 WL 2473630, at *5 (E.D. Ky. Aug. 11, 2009); *see also Ott v. Comm'r of Soc. Sec.*, No. 1:08-cv-399, 2009 WL 3199064, *8 (S.D. Ohio Sept. 29, 2009). However, a non-examining doctor must have had "access to the entire body of medical evidence." *Kaylor*, 2009 WL 2473630 at *5; *see also Ward v. Astrue*, No. 09-199-GWU, 2010 WL 1038198, at *3 (E.D. Ky. Mar. 18, 2010) (stating that "[w]hile the opinion of a non-examining source may be entitled to greater weight than an examiner or even a treating source, the non-examiner must have had the benefit of a review of the entire record and clearly explain the reasons for his difference of opinion"). Here, Drs. Danopulos, Congbalay and Caldwell never reviewed the MRIs objectively showing multi-level degenerative changes and disc protrusions throughout Plaintiff's spine. Therefore, such opinions cannot provide substantial evidence upon which an ALJ can base a non-disability finding. *Cf. Moody v. Comm'r of Soc. Sec.*, No. 14-CV-224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016).

Based upon the foregoing, the ALJ's analysis of Dr. Martinez's opinion, and the ALJ's ultimate non-disability finding, are unsupported by substantial evidence and should be reversed.

## IV.

When the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to remand the matter for rehearing or to award benefits. Generally, benefits may be awarded immediately "if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*,

9

905 F.2d 918, 927 (6th Cir. 1990).  The Court may only award benefits where proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where proof of disability is overwhelming.  *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

In this case, evidence of disability is not overwhelming, as there are differing medical opinions regarding Plaintiff's disability status.  Therefore, remand is appropriate.  Upon remand, the ALJ should properly weigh the medical opinion evidence of record.

**V.**

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.


Date:   November 15, 2016                        s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).