IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAN WASHINGTON, JR.,                :

      Plaintiff,                :   Case No. 3:15-cv-367

  vs.                                :   JUDGE WALTER H. RICE

CAROLYN W. COLVIN,                  :   MAGISTRATE JUDGE
Acting Commissioner of Social Security,    MICHAEL J. NEWMAN

      Defendant.                :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR ENTIRETY; OBJECTIONS OF PLAINTIFF DAN WASHINGTON, JR. (DOC. #12), AND OBJECTIONS OF DEFENDANT CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, (DOC. #13) TO SAID JUDICIAL FILING ARE OVERRULED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO THE COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH THE REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On November 15, 2016, Magistrate Judge Michael J. Newman filed a Report and Recommendations, Doc. #11, recommending that the Commissioner's decision that Plaintiff Dan Washington, Jr. ("Plaintiff"), was not disabled and, therefore, not entitled to

benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by substantial evidence, and that the above-captioned cause be remanded, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings.  Plaintiff filed Objections to said judicial filing, arguing that the cause should be remanded for immediate payment of benefits.  Doc. #12.  The Commissioner also filed Objections, arguing that her finding of non-disability be affirmed.  Doc. #13.  Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations, Doc. #11, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #7, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety.  Plaintiff's Objections, Doc. #12, and Commissioner's Objections, Doc. #13, to said judicial filingare overruled.  In so doing, the Court orders the entry of judgment in favor of Plaintiff and against the Commissioner.  The decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act is reversed, and the captioned cause is remanded to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made.  This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the

2

Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result."  *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The record showed that Dr. Enrique Martinez conducted only one comprehensive examination on Plaintiff, on October 26, 2009; the other two visits detailed in the record, on September 23, 2010, and March 21, 2011, did not include examinations. Doc. #7-7, PAGEID #501, 574-76, 621-25.  One examination—or even three examinations over the span of seventeen months—is insufficient to establish the requisite ongoing treatment relationship.  *Boucher v. Apfel*, No. 99-1906, 238 F.3d 419 (TABLE), 2000 WL 1769520, at *9 (6th Cir. Nov. 15, 2000); *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994); *Cooper v. Astrue*, 2011 WL 1118514, at *10 (S.D. Ohio Jan. 25, 2011) (Deavers, Mag. J.).  Thus, the ALJ's conclusion that Dr. Martinez was not Plaintiff's treating physician was proper, and any improper application of the treating physician rule by the ALJ, Doc. #7-2, PAGEID #86 (citing 20 C.F.R. § 416.927(c)(2)), is harmless.

2. The ALJ's analysis of Dr. Martinez's opinion was inadequate.  As the Magistrate Judge noted, the ALJ purported to rely on "neck and back <u>x-rays</u> in the record [that] generally showed only mild to moderate findings[,]" Doc. #11, PAGEID

4

#820(emphasis added) (quoting Doc. #7-2, PAGEID #86), for his conclusion that Dr. Martinez's opinion was "unsupported by objective signs and findings in the preponderance of the record." *Id*. (quoting Doc. #7-2, PAGEID #86).  However, there was only <u>one</u> x-ray of record that was noted in the ALJ's opinion, which was from 2006, almost three years prior to Plaintiff's alleged disability onset date.  *Id*., PAGEID #820-21.  The ALJ failed to discuss whether MRIs from 2009 and 2010, after the disability onset date, and which arguably showed degenerative changes in Plaintiff's cervical spine, were objective signs consistent with Dr. Martinez's opinion.  *Id*., PAGEID #821 (citing Doc. #7-7, PAGEID #603; Doc. #7-8, PAGEID #761).  As Dr. Martinez is an examining source whose opinion may be consistent with other evidence of record, the ALJ's decision to assign little weight to that opinion was not supported by substantial evidence.  Further, even though Dr. Martinez is not Plaintiff's treating physician, the ALJ must evaluate his opinion, in light of that more recent medical evidence and using the factors listed in 20 C.F.R. § 416.927(c), to determine the weight to which that opinion is entitled.  Accordingly, the captioned cause must be remanded so that the Commissioner may appropriately evaluate and weigh Dr. Martinez's opinion.

3.  Similarly, the opinions of consultative physician Damian Danopulos and record reviewing physicians Maria Congbalay and Willa Caldwell—to which the ALJ assigned significant weight—were made prior to the 2010 MRI, and did not reference the 2009 MRI.  Doc. #11, PAGEID #821 (citing Doc. #7-2, PAGEID #85; Doc. #7-7, PAGEID #428-32, 520-28).  Further, "among Drs. Danopulos, Congbalay and Caldwell, only Dr. Congbalay noted a review of any imaging test in preparing their opinion, and Dr. Congbalay only noted review of the 2006 x-ray of Plaintiff's cervical spine." *Id*., PAGEID

5

#821-22 (citing Doc. #7-7, PAGEID #521).  As there was no evidence that the non-examining sources had access to the complete medical record, their opinions could not, by themselves, constitute substantial evidence upon which the ALJ could base her residual functional capacity ("RFC") assessment.  *Moody v. Comm'r of Soc. Sec.*, No. 3:14-cv-224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016) (Newman, Mag. J.); *Kaylor v. Astrue*, No. 08-415-GWU, 2009 WL 2473630, at *5 (E.D. Ky. Aug. 11, 2009).

The Commissioner argues that the ALJ acknowledged that Drs. Congbalay and Caldwell had not had access to the full record, and accounted for that lack of access and more recent medical evidence by "includ[ing] additional limitations to occasional overhead reaching in further consideration of the claimant's neck pain complaints, as well as his shoulder condition, despite the fact that the record does not support a finding that this condition causes more than minimal functional impairment."  Doc. #13, PAEGID #846 (citing Doc. #7-2, PAGEID #79-80, 85-86).  "Absent a clear showing that the new evidence renders the prior opinion untenable," the Commissioner argues, "the mere fact that a gap exists [in the evidence reviewed by non-examining sources] does not warrant the expense and delay of a judicial remand."  *Id.*, PAGEID #847 (quoting *Kelly v. Comm'r of Soc. Sec.*, No. 07-5897, 314 F. App'x 827, 831 (6th Cir. 2009)).  However, given that the MRIs took place after the disability onset date, the paucity of comparable medical evidence of record (*i.e.*, one outdated x-ray, reviewed by only of the doctors) and the importance of the subsequent MRIs with respect to Plaintiff's severe impairments of cervical and lumbar degenerative disc disease, Doc. #7-2, PAGEID #77, the failures by Drs. Congbalay and Caldwell to examine the MRIs are much more than a mere gap.  Rather, the absence of those MRIs from consideration mean that the ALJ could not

reasonably conclude that their opinions were consistent with evidence of record. Consequently, the ALJ's use of those opinions in determining Plaintiff's RFC means that the RFC determination was not supported by substantial evidence.

Accordingly, Drs. Danopulos, Congbalay and Caldwell, on remand, should have the opportunity to review Plaintiff's entire relevant medical history before opining on the range of work, with or without certain limitations, that Plaintiff may be capable of.   Upon review of those opinions, the Commissioner may decide what weight, if any, to assign to the opinions, and how to incorporate any opined limitations into Plaintiff's RFC.

4. Plaintiff, in his Objections, notes that his benefits claim has been already been remanded once.   Doc. #12, PAGEID #837.   As "[t]his case is now over seven years old and [Plaintiff] is now sixty three years old," he argues that the case should be remanded for payment of benefits, rather than further proceedings.   *Id*. (citing *Donahue v. Massanari*, 166 F. Supp. 2d 1143, 1149-50 (E.D. Mich. 2001) (citations omitted)). However, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added).   The opinions of Drs. Danopulos, Congbalay and Caldwell constitute non-minimal evidence suggesting that Plaintiff was not disabled as defined by the Act. Doc. #7-2, PAGEID #85 (citations omitted).   While, as discussed above, their opinions were based on incomplete reviews of medical evidence and were not appropriately evaluated and weighed by the ALJ, the doctors and the Commissioner should have the opportunity to correct their respective errors.   Accordingly, remand for further proceedings, rather than award of benefits, is appropriate under Sixth Circuit precedent.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #11, in their entirety. Plaintiff's Objections, Doc. #12, and the Commissioner's Objections, Doc. #13, to said judicial filing are overruled. Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

December 29, 2016

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:

Counsel of record